AO 91 (Rev. 11/11)  Criminal Complaint  ( AUSA J. Pavlock)                                    C&W No. 19-106

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Pennsylvania

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No.  19-1444·M |
| William Alonzo RIVERAS-GUZMAN | ) |
| a/k/a Milton Antonio Molia, Milton Molina Andino, | ) |
| Juan Pablo Gonzales Ajtun, Juan Martinez Vega | ) |
| | ) |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ August 22, 2019 _____ in the county of _____ Philadelphia _____ in the

___ Eastern ___ District of ___ Pennsylvania ___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. Section 1326(a) and (b)(1) | On or about August 22, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendant William Alonzo RIVERAS-GUZMAN, an alien, and citizen and native of the Dominican Republic, who had previously been deported from the United States on seven occasions from Oct. 13, 1998 to Jan. 29, 2016 (see attached affidavit), was found in the United States, having knowingly and unlawfully re-entered the United States without first applying to the Attorney General of the United States or his successor, the Secretary for Homeland Security, for permission to reapply for admission. |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Bryan Pachini, Deportation Officer, ICE
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___ 8.22.19 ___

_____
*Judge's signature*

City and state: ___ Philadelphia, PA ___                    HON. TIMOTHY R. RICE, U.S. Mag. Judge
*Printed name and title*

AFFIDAVIT

1.      I, Bryan A. Pachini, am a Deportation Officer at U.S. Immigration and Customs

Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS"). I have served

as a Deportation Officer with ICE since April 4, 2016. As a Deportation Officer, I conduct

investigations related to violations of the Immigration and Nationality Act, specifically of

foreign-born nationals who have been deported from the United States and who have

subsequently re-entered the United States illegally. I am currently assigned to the ICE

Enforcement and Removal Operations Philadelphia, Pennsylvania Field Office and my duties

include investigating violations of Title 8 of the United States Code ("U.S.C") to include

violations of immigration offenses.

2.      I have prepared this affidavit in support of a criminal complaint and arrest warrant

for William Alonzo RIVERAS GUZMAN, aka, Milton ANTONIO MOLINA, Milton MOLINA

ANDINO, Juan Pablo GONZALEZ AJTUN, or Juan Martinez VEGA, ("RIVERAS

GUZMAN"), because there is probable cause to believe RIVERAS GUZMAN, an alien, re-

entered the United States after removal, in violation of Title 8, U.S.C. § 1326(a), (b)(1).

3.      On August 22, 2019, I received information from a Philadelphia Police officer in

the Records Unit of the Philadelphia Police Department that RIVERAS GUZMAN was recently

arrested by the Philadelphia Police Department for sex offenses involving a minor, and that he

was currently in custody at the Philadelphia Police Detention Unit (Round House, 800 Race

Street, Philadelphia, PA). Based on my training and experience, I know that any time a police

department or other law enforcement agency runs the fingerprints of any alien, that is an

individual who is not a United States citizen or national, who has previously been encountered

by ICE or another immigration agency, ICE receives electronic notification of this fact and any

match to the alien's known fingerprint identification number. On August 22, 2019, I reviewed the electronic notification showing that the Philadelphia Police Department had recently run RIVERAS GUZMAN's fingerprints, which further suggested that RIVERAS GUZMAN, with FBI# 454374MB2, had been encountered by the Philadelphia Police Department.

4.      On August 22, 2019, I conducted a check in the National Crime Information Center ("NCIC") database for RIVERAS GUZMAN's criminal history, as well as his immigration history. Under the FBI number provided 454374MB2, I discovered that RIVERAS GUZMAN had previous encounters with immigration authorities. Further checks in the Enforcement Alien Removal Module ("EARM") database were conducted for RIVERAS GUZMAN's immigration history in the United States.

5.      Based on my training and experience, I know that ICE maintains a file on all aliens encountered by ICE. This file, known as the Alien File ("A File"), contains documentation relating to the alien, including his/her photograph, warrants of deportation, fingerprints, documents reflecting criminal history, documents reflecting the country of citizenship, and other documents. Each alien is assigned an identification number, referred to as the "Alien Number." A Search of ICE databases revealed that William Alonzo RIVERAS GUZMAN was assigned Alien Number 077 397 439.

6.      On August 22, 2019, based on my review of Department of Homeland Security and ICE electronic databases, I make the following conclusions:

        a.      RIVERAS GUZMAN is a citizen and national of El Salvador.

        b.      RIVERAS GUZMAN's date of birth is May 21, 1980 and this affidavit and the Complaint included herewith correctly reflect RIVERAS GUZMAN's name and aliases.

c.    I found that RIVERAS GUZMAN was encountered on August 01, 1998 for illegally entering the United States.  On August 01, 1998, RIVERAS GUZMAN was processed with a Notice to Appear by Immigration Agents pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended.  On August 20, 1998, an Immigration Judge ordered RIVERAS GUZMAN to be removed from the United States.  The United States, pursuant to a "Warrant of Deportation/Removal," removed RIVERAS GUZMAN on or about October 13, 1998 through Houston, Texas back to El Salvador.

d.    On September 01, 2002, RIVERAS GUZMAN was encountered by U.S. Border Patrol agents and RIVERAS GUZMAN's August 20, 1998 removal order was reinstated.  RIVERAS GUZMAN was prosecuted for 8 USC 1325(a)(1).  On September 02, 2002, RIVERAS GUZMAN was convicted and sentenced to a term of 90 days confinement.    The United States, pursuant to a "Warrant of Deportation/Removal," removed RIVERAS GUZMAN a second time on or about December 23, 2012, through Houston, Texas back to El Salvador.

e.    On May 17, 2010, RIVERAS GUZMAN was encountered by Immigration and Customs Enforcement agents in the United States, and RIVERAS GUZMAN's August 20, 1998 removal order was again reinstated.   The United States, pursuant to a "Warrant of Deportation/Removal," removed RIVERAS GUZMAN for a third time on or about December 15, 2010, through El Paso, Texas back to El Salvador.

f.    On July 02, 2011, RIVERAS GUZMAN was encountered by U.S. Border Patrol agents, and RIVERAS GUZMAN's August 20, 1998 removal order was again

reinstated. The United States, pursuant to a "Warrant of Deportation/Removal," removed RIVERAS GUZMAN a fourth time on or about July 26, 2011, through Phoenix, Arizona back to El Salvador.

g.     On March 24, 2014, RIVERAS GUZMAN was encountered by U.S. Border Patrol agents in the United States and RIVERAS GUZMAN's August 20, 1998 0removal order was again reinstated. RIVERAS GUZMAN was prosecuted for 8 USC 1325(a)(1). On March 26, 2014, RIVERAS GUZMAN was convicted and sentenced to 30 days confinement. The United States, pursuant to a "Warrant of Deportation/Removal," removed RIVERAS GUZMAN a fifth time on or about May 27, 2014, through Phoenix, Arizona back to El Salvador.

h.     On July 28, 2014, RIVERAS GUZMAN was encountered by U.S. Border Patrol agents in the United States and RIVERAS GUZMAN's August 20, 1998 removal order was reinstated. RIVERAS GUZMAN was prosecuted for 8 USC 1325(a)(1). On July 30, 2014, RIVERAS GUZMAN was convicted and sentenced to 75 days confinement, with special condition not to return to the U.S. illegally. The United States, pursuant to a "Warrant of Deportation/Removal," removed RIVERAS GUZMAN a sixth time on or about November 05, 2014, through Houston, Texas back to El Salvador.

i.     On August 13, 2015, RIVERAS GUZMAN was encountered by U.S. Border Patrol agents in the United States, and RIVERAS GUZMAN's August 20, 1998 removal order was reinstated. RIVERAS GUZMAN was prosecuted for 8 USC 1325(a)(1). On August 17, 2015, RIVERAS GUZMAN was convicted and sentenced to 150 days confinement, with special condition not to return to the U.S. illegally. The United States, pursuant to a "Warrant of Deportation/Removal," removed RIVERAS

4

GUZMAN a seventh time on or about January 29, 2016, through Dallas, Texas back to El Salvador.

    j.     A search of ICE databases revealed that RIVERAS GUZMAN has never sought permission of the United States Attorney General, or his successor, the Secretary of the Department of Homeland Security, to re-enter as required by 8 U.S.C. § 1360(d).

    7.     Based on all of the foregoing, I respectfully submit that the facts set forth in this Affidavit demonstrate that there is probable cause to conclude that William Alonzo RIVERAS GUZMAN illegally re-entered the United States after removal in violation of 8 U.S.C. § 1326(b)(1). I therefore respectfully ask that the Court issue a warrant ordering his arrest for such crime.

<br>

_____
BRYAN A. PACHINI
Deportation Officer
Immigration and Customs Enforcement

<br>

Sworn to and subscribed before me
this 22nd day Of August 2019.

_____
HONORABLE TIMOTHY R. RICE
United States Magistrate Judge

5